

1500 Broadway
16th Floor
New York, NY 10036
TEL. (212) 682-3025
FAX (212) 682-3010
www.WeissLawLLP.com

Mark D. Smilow, Esq.
msmilow@WeissLawLLP.com

July 17, 2019

<u>Via ECF & Hand Delivery</u>

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 240
New York, New York 10007

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2102
New York, New York 10007

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re: *In re Silver Fixing, Ltd. Antitrust Litig.*, No. 1:14-md-2573 (VEC) (S.D.N.Y.) ("*Silver*")

*Gamma Traders-I LLC et al. v. Merrill Lynch Commodities, Inc. et al.*, No. 1:19-cv-6002 (AJN) (S.D.N.Y.) ("*Gamma*")

*Robert Charles Class A L.P. et al. v. Merrill Lynch Commodities, Inc. et al.*, No.1: 19-cv-6172 (AKH) (S.D.N.Y.) ("*Charles*")

*Yuri Alishaev et al. v. Merrill Lynch Commodities, Inc. et al.*, No.1 :19-cv-6488 (S.D.N.Y.) ("*Alishaev*")

Dear Judges Caproni, Hellerstein, and Nathan:

     We are counsel for Plaintiffs Yuri Alishaev, Abraham Jeremias, and Morris Jeremias in connection with the above captioned *Alishaev* action. We respectfully write to oppose the hasty letter motion filed on July 12, 2019 (Doc. 6 in *Alishaev*) by Bank of America/Merrill Lynch[1] (on the same day as the filing of – and prior to having been served with – the complaint) suggesting that the *Alishaev* action is related to the *Silver* action, and, correspondingly, requesting that the case be assigned to Judge Caproni, pursuant to Rule 13(b)(3) of the Rules for the Division of Business Among District Judges ("DOB Rules") and Local Civil Rule 1.6.

---

[1] Defendant Morgan Stanley & Co. LLC ("Morgan Stanley") is purported to have consented to the request by Bank of America/Merrill Lynch.



     The motion for relatedness should be denied. Contrary to the self-serving propositions advanced by Bank of America/Merrill Lynch, the *Alishaev* case has no overlap with *Silver*. *Alishaev* is predicated upon the manipulative spoofing conduct concerning precious metals futures outside of and independent from the fixing of a benchmark commodity price or bid-ask spread, which are the issues in *Silver*. Stated differently, *Alishaev* picks up where the *Silver* case ends.

     By way of background, *Silver* is predominately an antitrust case alleging unlawful collusion regarding the daily "fix" price of silver futures connected with The London Silver Market Fixing Ltd., a market in which members met daily at noon, London time, for about fifteen minutes to fix the price of silver in a practice dating back to the 19th century until 2014, and after that in connection with the fixing of the London Silver Price. In *Silver*, which has been pending for almost five years, the Third Consolidated Amended Class Action Complaint ("TCAC") alleges that Deutsche Bank, HSBC, and The Bank of Nova Scotia published false silver fix prices, artificially suppressed the silver fix price, and improperly shared confidential information to gain an unfair advantage over other market traders in silver futures by fixing the bid-ask spread. The TCAC states clearly that other, general regulatory investigations of alleged misconduct in the silver market focusing on "whether COMEX silver futures prices were being manipulated artificially lower, relative to the prices of 'retail' silver products like silver coins, by banks that held a large open short position in COMEX futures contracts," are totally "unrelated to, and ha[ve] nothing to do with" the alleged manipulation of the silver fix price. *Silver* Dkt. 258-1 at ¶ 345.

     Furthermore, in October 2016, in denying the motion to dismiss the Second Consolidated Amended Class Action Complaint ("SCAC") against the Fixing Bank defendants, the Court held that "Plaintiffs adequately allege that [Deutsche Bank, HSBC and the Bank of Nova Scotia], horizontal competitors in the relevant markets for physical silver and silver derivatives, conspired artificially to suppress the Fix Price in order to gain an unfair trading advantage over other market participants, causing plaintiffs to suffer losses on their silver investments." *Silver* Dkt. 151 at 39. No mention is made in the foregoing decision or in the SCAC of the unlawful general "spoofing" charged in the *Alishaev* case.

     Then, in July 2018, in granting in part the motion to dismiss the TCAC with prejudice as against certain non-benchmark fixing banks, the Court held that there was insufficient evidence linking Bank of America and four other dismissed banks to the previously sustained allegations of a scheme to artificially deflate **benchmark silver prices**, notwithstanding the evidence linking Bank of America to otherwise manipulating the silver market. *Silver* Dckt. 363. In so doing, the Court essentially precluded further litigation of non-benchmark fixing allegations in the *Silver* action.

     Finally, the considerations implicated by DOB Rule 13(a)(l); namely, whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses, are not present with regard to



*Alishaev*.  **First**, commonality of legal issues and parties by itself is insufficient grounds for relatedness.  DOB Rule 13(a)(2)(A).  **Second**, the parties, transactions and events alleged in *Alishaev* are separate and apart from the parties and core benchmark and bid-ask spread fixing allegations in *Silver*.  **Third**, there is no risk of subjecting Bank of America/Merrill Lynch or Morgan Stanley to conflicting orders inasmuch as they are not parties in *Silver*.  **Fourth**, and for the very same reasons, there is little to no risk of duplication of effort, expense or delay that would be occasioned by maintaining the *Alishaev* and *Silver* cases separately inasmuch as they do not share material, substantive parties, and transactions or challenged manipulative strategies underlying both litigations.

      In sum, Bank of America/Merrill Lynch's transparent dissatisfaction with being subpoenaed for information connected with the *Silver* litigation is insufficient grounds for relatedness of *Alishaev* to *Silver*.  Accordingly, we respectfully request that the motion to relate *Alishaev* to the prior *Silver* action be denied.

                                                                     Respectfully submitted,

                                                                     /s/ Mark D. Smilow  
                                                                     Mark D. Smilow

cc:  All Counsel (by ECF)