UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAMMA TRADERS – I LLC and VEGA TRADERS, LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, MORGAN STANLEY & CO. LLC, EDWARD BASES, JOHN PACILIO, and JOHN DOE Nos. 1 – 5, <br><br> Defendants. | Case No. 19-cv-6002 (AJN) |
| ROBERT CHARLES CLASS A., L.P. and ROBERT L. TEEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, EDWARD BASES, JOHN PACILIO, and JOHN DOES NOS. 1-10, <br><br> Defendants. | Case No. 19-cv-6172 (AJN) |
| YURI ALISHAEV, ABRAHAM JEREMIAS, and MORRIS JEREMIAS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, MORGAN STANLEY & CO. LLC, EDWARD BASES, JOHN PACILIO, and JOHN DOES 1 – 18, <br><br> Defendants. | Case No. 19-cv-6488 (AJN) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT LOWEY DANNENBERG, P.C. AND SCOTT + SCOTT ATTORNEYS AT LAW LLP AS INTERIM CO-LEAD CLASS COUNSEL AND CONSOLIDATE RELATED ACTIONS**

# Table of Contents

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ..................................................................................................................1

ARGUMENT...........................................................................................................................3

    I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS…………... 3

    II. LOWEY/SCOTT ARE ABLE TO REPRESENT THE BEST INTEREST OF THE
    CLASS …………………………………………………..…    4

        A. Rule 23(g)(3) authorizes the Court to appoint interim class counsel to act on
        behalf of the class before class certification……………………………………. 4

        B. Appointing Lowey and Scott+Scott as interim Co-lead class counsel is
        in the best interests of the class……………………………………………   6

            1.      Rule 23(g)(1)(A)(i): Lowey/Scott has performed extensive work
            developing the class's claims and the allegations supporting the claims
            in this action..................................................................................................6

            2.      Rule 23(g)(1)(A)(ii): Lowey/Scott has extensive experience
            handling the types of claims asserted in this action ..........................................7

            3.      Rule 23(g)(1)(A)(iii): Lowey/Scott has developed extensive
            knowledge of the applicable laws involved in litigating this action. ............ 11

            4.      Rule 23(g)(1)(A)(iv): Lowey/Scott will commit substantial
            resources to representing the class. ................................................................ 13

            5.      The Rule 23(g)(1)(B) discretionary factors also favor approving
            the proposed structure, with Lowey/Scott as interim co-lead
            class counsel......................................................................................... 14

CONCLUSION………………………………………………………………………....15

# TABLE OF AUTHORITIES

**Cases**

*Blackmoss Invs., Inc., v. ACA Capital Holdings, Inc*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................................3
*Buonasera v. Honest Co.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) .............................................................................................5
*Cullinan v. Cemtrex, Inc.*,
   287 F. Supp. 3d 277 (E.D.N.Y. 2018) ...................................................................................3
*Deangelis v. Corzine*,
   286 F.R.D. 220 (S.D.N.Y. 2012) .................................................................................... 2, 14
*In re Amaranth Natural Gas Commodities Litig.*,
   269 F.R.D. 366 (S.D.N.Y. 2010) .........................................................................................12
*In re London Silver Fixing, Ltd., Antitrust Litig.*,
   213 F. Supp. 3d 530 (S.D.N.Y. 2016) .................................................................................12
*In re Natural Gas Commodities Litig.*,
   231 F.R.D. 171 (S.D.N.Y. 2005) .........................................................................................12
*Jacobs v. Castillo*,
   612 F. Supp. 2d 369  (S.D.N.Y. 2009) ..................................................................................3
*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................................3
*Laydon v. Mizuho Bank*,
   183 F. Supp. 3d 409 (S.D.N.Y. 2016) .................................................................................12
*Merrill Lynch, Pierce, Fenner & Smith v. Curran*,
   456 U.S. 353 (1982) ..............................................................................................................7
*Ploss v. Kraft Foods Grp., Inc.*,
   197 F. Supp. 3d 1037 (N.D. Ill. 2016) .................................................................................12
*Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Intern. Ass'n*,
   978 F. Supp. 529 (S.D.N.Y. 1997) ........................................................................................3

**Rules**

FED. R. CIV. P. 23 ..................................................................................................................*passim*

**Other Authorities**

*Lowey Dannenberg Selects JND eDiscovery and Relativity to Save $2.5 Million in Class Action Case*,
   BUSINESSWIRE (Nov. 30, 2016, 9:00 AM),
   https://www.businesswire.com/news/home/20161130005484/en/Lowey-Dannenberg-Selects-
   JND-eDiscovery-Relativity-Save%20........................................................................................13
MANUAL FOR COMPLEX LITIGATION (Fourth) ("MANUAL") (2006) ..................................*passim*

Plaintiffs[1] respectfully request that this Court: (1) consolidate the Related Actions[2] pursuant to Federal Rule of Civil Procedure 42(a); and (2) appoint Lowey Dannenberg, P.C. ("Lowey") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") (collectively "Lowey/Scott") as interim co-lead class counsel for the consolidated action under Federal Rule of Civil Procedure 23(g).

**INTRODUCTION**

The appointment of Lowey/Scott as interim co-lead class counsel will provide the greatest benefit to the class.[3] The firms easily satisfy the requirements of Fed. R. Civ. P. 23(g). Further, the firms have a history of working together to efficiently handle complex matters, and are currently serving together as co-lead counsel in *In re GSE Bonds Antitrust Litigation*, No. 19-cv-1704 (S.D.N.Y.).

Lowey filed the first case against Defendants on June 27, 2019[4] and is currently at the forefront of litigation involving claims of "spoofing" commodities markets. Lowey currently serves as lead counsel in *Boutchard v. Gandhi*, No. 18-cv-07041 (N.D. Ill.) (alleging that traders manipulated the prices of E-mini Dow futures contracts, E-mini S&P 500 futures contracts, and E-mini NASDAQ 100 futures contracts by spoofing the market) and *In re JPMorgan Precious Metals Spoofing Litigation*, No. 18-cv-10356 (JGK) (S.D.N.Y.) (alleging that Defendants manipulated prices of precious metals futures contracts traded on the NYMEX and COMEX through spoofing, in violation of the CEA and common law.). Likewise, Scott + Scott filed its complaint on July 2, 2019 and, as detailed below, has a record of successfully recovering billions of dollars for clients and class

---

[1] "Plaintiffs" are Gamma Traders – I LLC, Vega Traders, LLC, Robert Charles Class A, L.P. and Robert L. Teel.

[2] The "Related Actions" are: *Gamma Traders – I LLC, et al. v. Merrill Lynch Commodities, Inc., et al.*, 19-cv-6002 (S.D.N.Y.) ("*Gamma*"); *Robert Charles Class A., L.P., et al. v. Merrill Lynch Commodities, Inc., et al.*, 19-cv-6172 (S.D.N.Y.) ("*Robert Charles*"); and *Yuri Alishaev et al. v. Merrill Lynch Commodities, Inc. et al.*, 19-cv-6488 (S.D.N.Y.) ("*Alishaev*").

[3] The plaintiffs in the *Alishaev* action support this motion to appoint Lowey/Scott as interim co-lead class counsel.

[4] *See Gamma*, ECF No. 1; bringing claims against Merrill Lynch Commodities, Inc. ("MLCI"), Bank of America Corporation ("BAC"), Morgan Stanley & Co. LLC ("MSC"), Edward Bases ("Bases"), and John Pacilio (collectively "Defendants"), alleging that Defendants manipulated the prices of precious metals futures and options contracts traded on the New York Mercantile Exchange ("NYMEX") and Commodity Exchange Inc. ("COMEX") ("precious metals futures contracts"), in violation of the Commodity Exchange Act ("CEA") and common law.

1

members while serving as lead or co-lead counsel in many high-profile cases, including those involving financial product markets.

Appointment of Lowey/Scott as interim co-lead class counsel will afford the class a crucial head start in this action because the firms are already familiar with the facts underlying Defendants' conduct and spoofing in the precious metals market, and have already retained experts with relevant subject matter expertise to aid in pursuing the class's claims. Further, the firms' agreement to work together is consistent with this courts in this District's encouragement of "private ordering" of lead counsel arrangements. *Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012) (noting that agreeing on a "leadership structure evinces both an appreciation for the complexity of the Commodities Action and an ability to work cooperatively to create a decision-making framework among plaintiffs' counsel."); *see also* MANUAL FOR COMPLEX LITIGATION (Fourth) ("MANUAL") § 10.22 (2006) ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged.") Additionally, Lowey/Scott has already conferred with counsel for Defendants regarding case management and scheduling.

As detailed below, Lowey and Scott+Scott have extensive experience litigating complex class actions and have repeatedly been appointed to serve as class counsel in CEA and antitrust cases involving some of the world's largest financial markets, recovering billions of dollars on behalf of investors and Fortune 100 companies. The Court should grant Plaintiffs' motion because appointing Lowey/Scott interim lead class counsel will provide organizational structure and leadership in the consolidated action.

For these reasons, Plaintiffs respectfully submit that the Court should consolidate the Related Actions and appoint Lowey/Scott as co-lead class counsel. *See* MANUAL § 21.11 (2004) (Courts encourage the "designation of interim counsel [to] clarif[y] responsibility for protecting the

2

interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.")

**ARGUMENT**

**I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS.**

Consolidation is appropriate here because the Related Actions before the Court "involve common questions of law or fact." *Blackmoss Invs., Inc., v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008). Federal Rule of Civil Procedure 42(a) provides that when two or more actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. *See* Manual, § 11.631 (2004).

In deciding whether to consolidate cases, courts "balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Intern. Ass'n*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997). District courts have broad discretion in deciding whether to consolidate cases and appoint lead interim class counsel. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). However, courts in this Circuit "have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285; *see also Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (explaining that "consolidation of cases with common questions of law or fact is favored 'to avoid unnecessary costs or delay' and to 'expedite trial and eliminate unnecessary repetition and confusion'") (internal citations omitted); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 283 (E.D.N.Y. 2018).

Plaintiffs in the Related Actions seek to represent a class of investors who traded precious metals futures and options contracts from at least January 1, 2008 through December 31, 2014. *See Gamma*, ECF No. 1 ¶ 1; *Robert Charles*, ECF No. 1, ¶ 4. Plaintiffs allege, among other things, that

Defendants manipulated the prices of precious metals futures and options contracts through a technique called "spoofing" whereby Defendants routinely, and intentionally, placed electronic orders to buy and sell precious metals futures contracts with the intent to cancel those orders before execution to create an artificial price from which they would benefit. *See Gamma*, ECF No. 1, ¶ 2; *Robert Charles*, ECF No. 1, ¶ 1. The Related Actions also rely on the same indictments of Bases and Pacilio, which included charges of commodities fraud, spoofing, and conspiracy. *See Gamma*, ECF No. 1, ¶ 3; *Robert Charles*, ECF No. 1, ¶¶ 12-13.

The Related Actions also raise substantially identical questions of law, including overlapping claims against the Defendants under the CEA and for unjust enrichment. *See Gamma*, ECF No. 1, ¶¶ 76-99; *Robert Charles*, ECF No. 1, ¶¶ 39-61. These common legal questions, which arise from the same set of facts and occurrences, can be dealt with most efficiently through consolidation. And consolidation here will not result in any delay, confusion, or prejudice. The Related Actions are at the same early stage of litigation. The *Robert Charles* action was filed on July 2, 2019, five days after the *Gamma* action, and counsel for two Defendants have recently entered appearances in these actions. Consolidation will eliminate duplicative discovery and motion practice, saving all parties time and money, as well as conserving judicial resources. Moreover, all Plaintiffs in both of the Related Actions support consolidation.

## II. LOWEY/SCOTT ARE ABLE TO REPRESENT THE BEST INTEREST OF THE CLASS.

### A. Rule 23(g)(3) authorizes the Court to appoint interim class counsel to act on behalf of the class before class certification.

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." It is standard practice for courts to appoint interim class counsel to provide clarity to all parties involved in the litigation—the Court, Defendants, and Plaintiffs—about who has the

authority to act on behalf of and bind the class. *See* MANUAL § 21.11 (2004) (explaining that the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

Rule 23 does not include any specific criteria regarding the appointment of interim class counsel. Thus, courts typically consider the four factors in Rule 23(g)(1)(A) relevant to the selection of class counsel. *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (citing *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). These factors include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). None of these factors are individually determinative; rather, they provide a framework under which the Court may analyze and determine whether counsel can fairly and adequately represent the class. Further, the Court, in its discretion, may consider any other criteria it deems relevant. Fed. R. Civ. P. 23(g)(1)(B).

When presented with a single application for appointment as class counsel (as is the case here), Rule 23(g)(2) provides that a district court may appoint the proposed interim class counsel upon a finding that such counsel are "adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). A common means of selecting class counsel is by "private ordering." MANUAL § 21.272. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves "should be encouraged." MANUAL § 10.22. Here, all Plaintiffs' counsel in the above-captioned cases agree that

5

Lowey/Scott should be appointed interim co-lead class counsel. The Court should approve that decision for the reasons set forth below.

> **B.  Appointing Lowey/Scott as interim co-lead class counsel is in the best interests of the class.**

Lowey/Scott is more than "adequate" to serve as interim lead class pursuant to Fed. R. Civ. P. 23(g)(2). The attached firm résumés of Lowey and Scott+Scott (Exhibits A and B, respectively) show that each firm has been directly involved in achieving the largest class action recoveries in the history of the CEA.

> **1.  Rule 23(g)(1)(A)(i): Lowey/Scott has performed extensive work developing the class's claims and the allegations supporting the claims in this action.**

Lowey filed the first case against Defendants on June 27, 2019. Scott+Scott filed the *Robert Charles* action on July 2, 2019. Before both actions were filed, both Lowey and Scott+Scott: (a) conducted detailed factual and legal research to allege the best possible claims in their respective complaints; (b) consulted experts with specific experience in the precious metals markets; (c) analyzed precious metals futures market and pricing data; (d) consulted with market participants; and (e) investigated the Defendants' conduct. Lowey also drew upon decades of research developed in numerous other successful CEA class actions it has prosecuted, including those alleging manipulation of precious metal futures and options contracts.

The Related Actions, therefore, reflect careful and considered judgments concerning the scope of the class, the Defendants named, as well as the claims asserted and demonstrates the extensive amount of work Lowey/Scott has already performed on behalf of the class. Lowey/Scott has already begun drafting a consolidated amended class action complaint in anticipation of this Court's order. This will avoid any unnecessary delay and ensure that class benefits from the detailed investigations of all Plaintiffs' Counsel.

## 2. Rule 23(g)(1)(A)(ii): Lowey/Scott has extensive experience handling the types of claims asserted in this action.

**Lowey:**

Lowey has represented clients in commodity futures litigation since the 1970s, successfully prosecuting class actions against massive financial institutions and corporations and achieving substantial recoveries for investors. In "esoteric"[5] CEA cases like this one, Lowey is a leader in the class action bar. The firm, founded by Stephen Lowey in the 1960s, played a major role in the complex litigation that ensued following the highly publicized May 1976 default of Maine potato futures contracts that occurred when the sellers of 1,000 contracts failed to deliver approximately 50 million pounds of potatoes. Ever since, Lowey has successfully prosecuted as court appointed lead or co-lead class counsel, or individual plaintiff's counsel, the most significant and complex commodity manipulation actions since the enactment of the CEA, which have included successful class certification motions. For example:

- ***In re Sumitomo Copper Litigation***, Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.). Lowey, as one of three executive committee members leading the prosecution, achieved a settlement on behalf of the certified class of COMEX copper futures traders in excess of $149 million, which at the time was the largest class action recovery in CEA history;

- ***In re Amaranth Natural Gas Commodities Litigation***, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) ("*Amaranth*"). Lowey served as co-lead counsel in this certified class action alleging manipulation of NYMEX natural gas futures and options contracts in 2006 by Amaranth LLC, one of the country's largest hedge funds prior to its widely-publicized, multi-billion dollar collapse. Lowey achieved settlements totaling $77.1 million, more than ten times the amount recovered by the Federal Energy Regulatory Commission ("FERC") and the Commodity Futures Trading Commission ("CFTC"). At that time, the *Amaranth* settlements represented the fourth-largest commodity manipulation class recovery in CEA history;

- ***Hershey v. Pacific Investment Management Corp.***, Case No. 05-C-4681 (RAG) (N.D. Ill.). Lowey served as counsel to certified class representative Richard Hershey in an action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-

---
[5] *Merrill Lynch*, 456 U.S. at 356 (1982) quoting H.R. Rep. No. 93-975, p. 1 (1974), 1974 U.S. Code Cong & Admin. News at 5843.

7

Year Treasury Note futures contracts, which settled for $118.75 million, the then-second largest recovery in the history of the CEA; and

- **In re Natural Gas Commodity Litigation**, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.). Lowey served as co-lead counsel in this certified class action alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers whose natural gas price indices were used to price and settle hundreds of millions of dollars in exchange traded natural gas derivatives. Lowey achieved recoveries in excess of $101 million on behalf of a certified class of NYMEX natural gas futures and options traders. This was the third largest commodity manipulation class action recovery in CEA history at the time.

The strategies and insights Lowey has developed in the above CEA cases have informed and will continue to inform the strategy Lowey employs in prosecuting this case. As will Lowey's experience as lead counsel in two ongoing CEA class actions involving spoofing:

- **In re JPMorgan Precious Metals Spoofing Litigation**, Case No. 18-cv-10356 (JGK) (S.D.N.Y.) ("*JPMorgan Spoofing*"). Lowey was appointed sole interim lead class counsel, with the support of numerous experienced and nationally recognized law firms representing plaintiffs in related actions. Plaintiffs allege that Defendants manipulated prices of precious metals futures contracts traded on the NYMEX and COMEX, in violation of the CEA and common law. The case is pending before the Honorable John G. Koeltl;

- ***Boutchard v. Ghandi, et al.***, Case No. 18-cv-7041 (N.D. Ill.). Lowey is leading the prosecution of claims on behalf of a class of investors that transacted E-mini Index Futures (e.g., Dow, S&P, Nasdaq.) and options against Tower Research Capital LLC and several of its traders for alleged spoofing violations between 2012 and 2014. The case is currently pending before Judge John J. Tharp, Jr. in the Northern District of Illinois.

Indeed, these cases are just the tip of the iceberg. Lowey continues to represent sophisticated clients in complex securities, commodities, antitrust, and RICO-based litigation achieving billions of dollars in recovery. Lowey's commodities team is led by shareholder Vincent Briganti, who is currently prosecuting class actions as lead or co-lead counsel in some of the most complex financial litigation in the country, including:

- **In re London Silver Fixing Ltd. Antitrust Litigation**, Case No. 14-md-2573 (VEC) (S.D.N.Y.) ("*Silver Fixing*"). Lowey was appointed co-lead counsel in a contested lead counsel application involving several prominent class action firms. Plaintiffs allege that a group of eight major financial institutions colluded to fix the

8

outcome of a daily auction used to set the worldwide price of silver and conspired to fix prices in the over-the-counter silver and silver futures market. Lowey secured a $38 million settlement from Deutsche Bank and valuable cooperation that it is using in the ongoing prosecution of the case against the remaining defendants. Judge Valerie E. Caproni praised Lowey's experience, approach, and expert resources brought to bear on behalf of a class. Order, *In re London Silver Fixing Ltd., Antitrust Litig.*, No. 14-md-2573 (VEC), (S.D.N.Y. Nov. 25, 2014) (Caproni, J.), ECF No. 17 (appointing Lowey co-lead counsel because, *inter alia*, "the Lowey [ ] complaint reveals a particularly outstanding effort.");

- **Sullivan v. Barclays PLC, et. al.**, Case No. 13-cv-02811 (PKC) (S.D.N.Y.), ECF No. 424. Judge Castel recognized Lowey's skill and expertise in approving a $309 million settlement with three defendants for allegedly manipulating the Euro Interbank Offered Rate ("*Euribor*"). Lowey recently announced settlements with additional defendants, bringing the total recovery for investors in the Euribor case to more than $491 million;

- **Laydon v. Mizuho Bank, Ltd.**, Case No. 12-cv-03419 (GBD) (S.D.N.Y.) ("*Euroyen Litigation*"). Lowey is the court-appointed sole lead counsel of this proposed class action alleging the intentional and systematic manipulation (through false reporting and other unlawful means) of Yen LIBOR and the Euroyen TIBOR by, among others, Barclays, Rabobank, Deutsche Bank, RBS, and UBS. Judge Daniels has granted final approval for settlement agreements with JPMorgan, Citigroup, HSBC, Deutsche Bank, The Bank of Tokyo-Mitsubishi, and Mitsubishi UFJ Trust and Banking Corporation, and R.P. Martin totaling $236 million; and

- **Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG**, Case No. 15-cv-871 (SHS) (S.D.N.Y.) ("*Swiss franc Litigation*"). Lowey is the court-appointed sole lead counsel of this proposed class action alleging the manipulation of Swiss Franc LIBOR and Swiss Franc LIBOR-based derivatives prices and pricing by, among others, Deutsche Bank, RBS, and UBS. Judge Stein granted preliminary approval of a $22 million settlement with JPMorgan on August 16, 2017.

- **In re GSE Bonds Antitrust Litigation**, Case No. 19-cv-1704 (S.D.N.Y.). Lowey serves as Court-appointed co-Lead Counsel in an antitrust class action alleging that several of the worlds largest banks and brokers conspired to fix the prices of debt securities issued by government sponsored entities (e.g., Fannie Mae, Freddie Mac, Federal Farm Credit Banks, and Federal Home Loan Banks) between 2009 and 2016.

- **In re Mexican Government Bonds Antitrust Litig.**, Case No. 18-cv-02830 (S.D.N.Y.) (JPO), Lowey was appointed sole lead class counsel in case alleging a conspiracy among the world's largest Mexican government bond dealers to fix bond prices in the United States;

Based on the experience gained in the successful prosecutions and landmark results in the above cases, Lowey is uniquely positioned to represent the interests of the proposed class and to lead the successful prosecution of this case.

**Scott+Scott:**

Scott+Scott is an international plaintiffs' litigation law firm that has handled some of the biggest class actions in recent years, serving as lead or co-lead counsel in many high-profile cases and recovering billions of dollars for its clients and other class members. The firm's recent success includes the following large financial antitrust class actions:

- **In re Foreign Exchange Benchmark Rates Antitrust Litig.**, Case No 13-cv-7789 (LGS) (S.D.N.Y) ("*FX*"). Scott+Scott serves as co-lead counsel in an antitrust action that alleges major banks conspired to fix the price of foreign exchange. All told, the firm has obtained final approval of settlements to date totaling over $2.3 billion.

- **Alaska Electrical Pension Fund v. Bank of America, N.A.**, Case No. 14-cv-7126 (JMF) (S.D.N.Y.) ("*ISDAfix*"). Scott+Scott served as co-lead counsel in an antitrust class action that alleged 14 major banks and a broker conspired to manipulate the ISDAfix rate, a key benchmark interest rate for a broad range of interest rate derivatives and other financial instruments. The Court approved the $504.5 million class settlement on November 13, 2018.

- **Dahl v. Bain Capital Partners, LLC**, Case No. 07-cv-12388 (WGY) (D. Mass.) ("*Dahl*"). Scott+Scott served as co-lead counsel in an antitrust class action that alleged the nation's largest private equity firms colluded to restrain competition and suppress prices paid to shareholders of public companies in connection with leveraged buyouts. Although the DOJ declined to prosecute, the case recovered $590.5 million for the class.

Scott+Scott's track record of success in cases of this scale[6] and its efforts have not gone unnoticed by courts and mediators alike. In *N.Y.U. v. Ariel Fund Ltd.*, a case in which Scott+Scott successfully represented New York University ("NYU") in claims related to the Madoff ponzi

---

[6] Additional recoveries obtained by Scott+Scott acting as lead or co-lead counsel include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); and *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million).

scheme, Scott+Scott secured a landmark temporary restraining order and prosecuted the case months before the New York Attorney General's Office interceded. As to Scott+Scott's efforts, the Honorable Richard B. Lowe, J.S.C., stated:

> It is this Court's position that Scott+Scott did a superlative job in its representation, which substantially benefited Ariel. . . . For the record, it should be noted that Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. . . . They have possessed a knowledge of the issues presented and this knowledge has always been used to the benefit of all investors.

No. 603803/2008, slip. op. at 9-10 (N.Y. Sup. Ct. Mar. 1, 2010) (Laughlin Aff., Ex. B).

Earlier this year, renowned mediator, Kenneth R. Feinberg, concluded that the *FX* settlements "represent[] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott were "superlative, sophisticated, and determined plaintiff's lawyers." *See FX,* ECF No. 925 at 2; FX, ECF No. 926 at ¶ 29. And, most recently, as to the quality of Scott+Scott's representation in *ISDAfix*, the Honorable Jesse M. Furman of the Southern District of New York observed at the November 8, 2018, fairness hearing that:

> I do agree that counsel did an extraordinary job here. This was I think it is fair to say probably the most complicated case I have had since I have been on the bench. That is close to seven years at this point. I have had it much of that seven years. The point still stands. I cannot really imagine how complicated it would have been if I didn't have counsel who had done as admirable job in briefing it and arguing as you have done. You have in my view done an extraordinary service to the class.

*Id.*, Hearing Tr. at 27:16-24 (Laughlin Aff., Ex. C).

Thus, Scott+Scott is eminently qualified to represent the interests of the proposed class and to lead the successful prosecution of this action.

### 3. Rule 23(g)(1)(A)(iii): Lowey/Scott has developed extensive knowledge of the applicable laws involved in litigating this action.

As illustrated above, collectively, Lowey/Scott has institutional knowledge of the substantive and procedural law applicable to the claims asserted in this case. Lowey/Scott's combined

experience in leading and prosecuting CEA manipulation and complex antitrust cases, particularly those involving financial product markets, is second to none. In addition to currently serving as lead counsel in two pending "spoofing" cases, for example, Lowey achieved landmark results by successfully opposing defendants' motion to dismiss in two of the first cases in the country to consider the CEA's "manipulative device" provision, which was enacted as part of the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act. *Ploss v. Kraft Foods Grp., Inc.*, 197 F. Supp. 3d 1037, 1055-58 (N.D. Ill. 2016) ("*Ploss*"); *In re London Silver Fixing, Ltd., Antitrust Litig.*, 213 F. Supp. 3d 530, 570 (S.D.N.Y. 2016) (Caproni, J.). The Complaint here also alleges a CEA manipulative device claim and Lowey/Scott will utilize its collective expert knowledge of this area of the law to effectively prosecute this action on behalf of Plaintiffs and the Class.

Lowey/Scott is also well-versed in the various discovery issues that may be raised during this litigation, both through its existing work with experts, and extensive experience in complex cases, litigating and winning motions to compel the production of documents from some of the world's largest banks. For example, in *Laydon v. Mizuho Bank,* Lowey defeated nine defendants' motion to withhold documents under U.K. data privacy and bank secrecy laws, substantially accelerating discovery. *See* 183 F. Supp. 3d 409 (S.D.N.Y. 2016). And Lowey is skilled at the substantive and procedural aspects of managing complex litigation. For example, Lowey has successfully litigated multiple CEA class certification motions, each of which was upheld on appeal. *See, e.g., In re Amaranth Natural Gas Commodities Litig.,* 269 F.R.D. 366 (S.D.N.Y. 2010) *petition for review denied*, Motion Order, 10-4110-cv (2d Cir. Dec. 28, 2010), ECF No. 54; *In re Natural Gas Commodities Litig.,* 231 F.R.D. 171 (S.D.N.Y. 2005) *petition for review denied*, Mandate, 03-cv-6186 (S.D.N.Y. Aug. 30, 2006) ECF No. 464. The class will also benefit from Lowey's in-house e-discovery capabilities and Scott+Scott's access to financial analysts, investigators, and forensic accountants, among other resources.

### 4. Rule 23(g)(1)(A)(iv): Lowey/Scott will commit substantial resources to representing the class.

Combined Lowey/Scott has more than 100 attorneys that specialize in class action litigation and have advanced millions of dollars on behalf of the classes they have represented in the past. Both firms are prepared to advance similar substantial sums in the prosecution of this case. The class will also benefit from Lowey's unique ability to conduct end-to-end e-discovery in-house, a capability it developed and applied in numerous complex cases that involved millions of documents. Lowey has earned national recognition for its use of cutting-edge e-discovery technology to save millions in expenses and tens of thousands of hours in review time in other large class actions.[7] These resources and experience will only further facilitate the effective collaboration of Lowey/Scott, not only resulting in a savings for the class over the course of this litigation, but streamline the process of managing the high volume of documents typically produced during discovery in an action of this complexity.

Scott+Scott is among the most competent and best resourced firms in the class action industry. Scott+Scott is comprised of over 125 team members, including over 100 highly experienced attorneys, specializing in the investigation and prosecution of complex actions across the United States and in Europe. Scott+Scott employs a 30+ para-professional team, the majority of which are paralegals, legal assistants, and other office support staff. Scott+Scott also retains an IT support and development group, as well as financial analysts, investigators, and forensic accountants.

---

[7] *See Lowey Dannenberg Selects JND eDiscovery and Relativity to Save $2.5 Million in Class Action Case*, BUSINESSWIRE (Nov. 30, 2016, 9:00 AM), https://www.businesswire.com/news/home/20161130005484/en/Lowey-Dannenberg-Selects-JND-eDiscovery-Relativity-Save%20; For example, while e-discovery costs in large antirust trust cases can run into the millions, Lowey requested just $155,362.11 to cover those expenses in *Sullivan, et al. v. Barclays PLC, et al.*, 13-cv-2811 (PKC) (S.D.N.Y.), ECF Nos. 411, 483, where they recovered more than $491 million for the class.

### 5. The Rule 23(g)(1)(B) discretionary factors also favor approving the proposed structure, with Lowey/Scott as interim co-lead class counsel.

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Several additional factors support appoint Lowey/Scott as interim co-lead class counsel here.

*First*, all Plaintiffs currently on file support this structure.

*Second*, this motion would appoint sophisticated and experienced counsel who have successfully worked together many times before to achieve landmark results for class members. For example, Lowey is currently co-lead with Scott+Scott in *In re GSE Bonds Antitrust Litigation*, No. 19-cv-1704 (S.D.N.Y.); and the firms also work closely together in the *JPMorgan Spoofing* litigation. The two firms also worked closely together in the *FX* case, where Lowey served as allocation counsel on behalf of over-the-counter investors.

*Third*, the decision among sophisticated counsel to submit a joint application for appointment of Lowey/Scott as interim co-lead class counsel strongly supports granting Plaintiffs' motion. The Manual for Complex Litigation advises that efforts by "attorneys [to] coordinate their activities without the court's assistance . . . should be encouraged." MANUAL § 10.22 (2006).[8] Such "private ordering" is common and complex cases and a factor courts consider when deicing whether to approve a proposed leadership structure. *See* MANUAL § 21.272; *see also Deangelis*, 286 F.R.D. at 225 ("That…experienced counsel are satisfied to be represented by the Consensus Plaintiffs is some measure of the respect they command and the confidence of their peers that they will serve well in the role.") (internal citations and quotations omitted).

---

[8] *See also* Third Circuit Task Force Report, Selection of Class Counsel at 95 (Jan. 2002), http://www.ca3.uscourts.gov/task-force-selection-class-counsel ("Case law and experience indicates that the dominant scenario for appointing class counsel is deference to private ordering. The Task Force believes that there is generally no reason to hold an auction when the court is presented with qualified counsel who has been chosen through private ordering.").

14

*Finally*, through their extensive, multi-decade experience prosecuting commodity manipulation actions, Lowey/Scott has developed significant relationships with industry experts, economists, sophisticated market participants, regulatory personnel, and settlement administration experts. These relationships have already been put to work as Lowey/Scott begins work on drafting a consolidated amended complaint. Thus, appointing Lowey/Scott as co-lead class counsel gives the class a significant knowledge advantage that facilitates the successful prosecution of this CEA class actions.

## CONCLUSION

For the above reasons, this Court should enter the Proposed Order and (1) consolidate the Related Actions pursuant to Federal Rule of Civil Procedure 42(a); and (2) appoint Lowey/Scott as interim co-lead class counsel for the consolidated action under Federal Rule of Civil Procedure 23(g).

Dated: August 6, 2019

LOWEY DANNENBERG, P.C.

/s/ Vincent Briganti
Vincent Briganti
Christian Levis
Johnathan Seredynski
Peter Demato, Jr.
Amir Alimehri
44 South Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: vbriganti@lowey.com
clevis@lowey.com
jseredynski@lowey.com
pdemato@lowey.com
aalimehri@lowey.com

*Attorneys for Plaintiffs Gamma Traders – I LLC
and Vega Traders, LLC
and Proposed Interim Co-Lead Class Counsel*

SCOTT+SCOTT ATTORNEYS AT LAW L.L.P.

/s/ Thomas Laughlin, IV
Thomas Laughlin, IV
Deborah Clark-Weintraub
230 Park Avenue
17th Floor
New York, New York 10169
Tel.: (212) 223-6444
Email: tlaughlin@scott-scott.com
dweintraub@scott-scott.com

*Attorneys for Plaintiffs Robert Charles Class A., L.P. and Robert L. Teel
and Proposed Interim Co-Lead Class Counsel*