# EXHIBIT A



Commodities Litigation

# Firm Resume



www.lowey.com

info@lowey.com

**New York**
44 South Broadway
Suite 1100
White Plains, NY 10601
(914) 997-0500

**Pennsylvania**
One Tower Bridge, 100 Front St.
Suite 520
West Conshohocken, PA 19428
(215) 399-4770

# Contents

1   **Firm Overview**

2   **Lowey Is At The Forefront of Prosecuting Spoofing Claims**

2   In re JPMorgan Precious Metals Spoofing Litigation

2   Boutchard, et al. v. Gandhi, et al. —
    E-mini Index Futures Spoofing

3   **Commodities Litigation**

3   In re JPMorgan Precious Metals Spoofing Litigation

3   Boutchard, et al. v. Gandhi, et al. —
    E-mini Index Futures Spoofing

3   Kraft Wheat Manipulation

3   Lansing and Cascade Wheat Manipulation

3   Sumitomo

4   Amaranth

4   Pacific Inv. Mgmt. Co. ("PIMCO")

4   In re Natural Gas

5   White v. Moore Capital Management, L.P.

5   In re Crude Oil Commodity Futures Litigation

6   **Current Prosecution of Antitrust Class Actions**

6   In re GSE Bonds Antitrust Litigation

6   In re Mexican Government Bonds Antitrust
    Litigation

6   Sullivan, et al. v. Barclays plc, et al. (Euribor)

6   Laydon v. Mizuho Bank, Ltd., et al.; Sonterra Capital
    Master Fund Ltd., et al. v. UBS AG, et al. (Euroyen
    TIBOR and Yen-LIBOR)

7   Sonterra Capital Master Fund Ltd., et al. v.
    Credit Suisse Group AG, et al. (Swiss Franc LIBOR)

7   In re London Silver Fixing Ltd., Antitrust Litig.

8   FrontPoint Asian Event Driven Fund, Ltd., et al. v.
    Citibank, N.A., et al. (SIBOR)

8   Sonterra Capital Master Fund Ltd., et al. v.
    Barclays Bank plc, et al. (Pound Sterling LIBOR)

8   Dennis, et al. v. JPMorgan Chase & Co., et al.

8   Optiver

10  **Antitrust and Prescription Overcharge**

12  **Consumer Protection**

12  In re Apple Processor Litigation

12  In re FedLoan Student Loan Servicing Litigation

12  Broder v. MBNA Corp.

12  In Re Archstone Westbury Tenant Litigation

12  Lyons v. Litton Loan Servicing LP

13  In re Warfarin Sodium Antitrust Litigation

13  Snyder v. Nationwide Insurance Company

14  **Securities Litigation**

14  Notable Recoveries

18  **Lowey Dannenberg's Recognized Expertise**



## Firm Overview

Since the firm's founding by Stephen Lowey in the 1960s, Lowey Dannenberg, P.C. ("Lowey Dannenberg") has represented sophisticated clients in complex federal antitrust, commodities, and securities litigation. Lowey Dannenberg also regularly represents some of the world's largest health insurers in healthcare cost recovery actions.

Lowey Dannenberg has recovered hundreds of millions of dollars for its clients and the classes they represent. Those clients include some of the nation's largest pension funds, e.g., the California State Teachers' Retirement System, the Pennsylvania State Treasury Department, the New York State Common Retirement Fund, and the New York City Pension Funds; sophisticated institutional investors, including Federated Investors, which manages more than $355 billion in assets; and Fortune 100 companies like Aetna, Anthem, CIGNA, Humana, and Verizon.

In a 2013 and 2014 survey published in Corporate Counsel Magazine, Aetna and Humana publicly lauded Lowey Dannenberg as their "Go To" outside counsel for its more than ten years of service to Fortune 100 health insurers in opt-out litigation involving state and federal fraud claims.



# Lowey Is At The Forefront of Prosecuting Spoofing Claims

Lowey Dannenberg is a leader in prosecuting plaintiffs' class actions for CEA spoofing violation, leading the charge over the following two most recent spoofing actions:

### In re JPMorgan Precious Metals Spoofing Litigation

Lowey Dannenberg serves as Court-appointed sole Lead Counsel in a commodities manipulation class action against JPMorgan and several of its traders, alleging spoofing in the market for precious metals futures and options between 2009 and 2015. The case is pending before Judge John G. Koeltl in the Southern District of New York, 18-CV-10356.

### Boutchard, et al. v. Gandhi, et al. — E-mini Index Futures Spoofing

Lowey Dannenberg is leading the prosecution of claims on behalf of a class of investors that transacted E-mini Index Futures (e.g., Dow, S&P, Nasdaq) and options against Tower Research Capital LLC and several of its traders for alleged spoofing violations between 2012 and 2014. The case is currently pending before Judge John J. Tharp, Jr. in the Northern District of Illinois, 18-CV-7041.



# Commodities Litigation

Lowey Dannenberg has successfully prosecuted, as court-appointed lead or co-lead counsel, or as individual plaintiff's counsel, the most important and complex commodity manipulation actions since the enactment of the Commodity Exchange Act ("CEA"). In prosecuting these cases, Lowey Dannenberg has successfully certified classes of investors harmed by market manipulation schemes.

## In re JPMorgan Precious Metals Spoofing Litigation

Lowey Dannenberg serves as Court-appointed sole Lead Counsel in a commodities manipulation class action against JPMorgan and several of its traders, alleging spoofing in the market for precious metals futures and options between 2009 and 2015. The case is pending before Judge John G. Koeltl in the Southern District of New York, 18-CV-10356.

## Boutchard, et al. v. Gandhi, et al. — E-mini Index Futures Spoofing

Lowey Dannenberg is leading the prosecution of claims on behalf of a class of investors that transacted E-mini Index Futures (e.g., Dow, S&P, Nasdaq) and options against Tower Research Capital LLC and several of its traders for alleged spoofing violations between 2012 and 2014. The case is currently pending before Judge John J. Tharp, Jr. in the Northern District of Illinois, 18-CV-7041.

## Kraft Wheat Manipulation

Lowey Dannenberg serves as court-appointed co-lead counsel for a class of wheat futures and options traders pursuing claims against Kraft Foods Group, Inc. and Mondelēz Global LLC, alleging Kraft manipulated the prices of Chicago Board of Trade wheat futures and options contracts. On June 27, 2016, Judge Edmond E. Chang denied Defendants' motion to dismiss in large part, sustaining Plaintiffs' claims under the Sherman Act, the CEA, and for unjust enrichment. *See Ploss v. Kraft Foods Group, Inc.*, No. 15 C 2937, 2016 WL 3476678 (N.D. Ill. June 27, 2016). The case is currently pending in the Northern District of Illinois.

## Lansing and Cascade Wheat Manipulation

Lowey Dannenberg is serving as co-lead counsel for a class of wheat futures and options traders pursuing claims under the Sherman Act, the CEA, and for unjust enrichment against Lansing Trade Group, LLC and Cascade Commodity Consulting, LLC, alleging they manipulated the prices of Chicago Board of Trade wheat futures and options contracts in 2015. *See Budicak, et al. v. Lansing Trade Group, LLC, et al.*, No. 18 C 4966 (EEC) (N.D. Ill.). The case is currently pending.

## Sumitomo

In *In re Sumitomo Copper Litigation* ("*Sumitomo*"), Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.), Lowey Dannenberg was appointed as one of three executive committee members. Stipulation and Pretrial Order No. 1, dated October 28, 1996, at ¶ 13. Plaintiffs' counsel's efforts in *Sumitomo* resulted in a settlement on behalf of the certified class of more than $149 million, which represented **the largest** class action recovery in the history of the CEA at the time. *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 95 (S.D.N.Y. 1998). One of the most able and experienced United States District Court judges in the history of the federal judiciary, the Honorable Milton Pollack, took note of counsel's skill and sophistication:

*The unprecedented effort of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, skill and persistence. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved under trying circumstances in the face of natural, virtually overwhelming, resistance.*

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396 (S.D.N.Y. 1999). Lowey will apply the same "skill and persistence" Judge Pollack recognized in *Sumitomo* when representing the Class here.

## Amaranth

Lowey Dannenberg served as co-lead counsel in *In re Amaranth Natural Gas Commodities Litigation*, Master File No. 07 Civ. 6377 (S.D.N.Y) (SAS) ("*Amaranth*"), a certified CEA class action alleging manipulation of NYMEX natural gas futures contract prices in 2006 by Amaranth LLC, one of the country's largest hedge funds prior to its widely-publicized multi-billion dollar collapse in September 2006. Significant victories Lowey Dannenberg achieved in the *Amaranth* litigation include:

> - On April 27, 2009, Plaintiffs' claims for primary violations and aiding-and-abetting violations of the CEA against Amaranth LLC and other Amaranth defendants were sustained. *Amaranth,* 612 F. Supp. 2d 376 (S.D.N.Y. 2009).

> - On April 30, 2010, the Court granted Plaintiffs' motion for pre-judgment attachment pursuant to Rule 64 of the Federal Rules of Civil Procedure and Section 6201 of the New York Civil Practice Law and Rules against Amaranth LLC, a Cayman Islands company and the "Master Fund" in the Amaranth master-feeder-fund hedge fund family. *Amaranth,* 711 F. Supp. 2d 301 (S.D.N.Y. 2010).

> - On September 27, 2010, the Court granted Plaintiffs' motion for class certification. *Amaranth,* 269 F.R.D. 366 (S.D.N.Y. 2010). In appointing Lowey Dannenberg as co-lead counsel for plaintiffs and the Class, the Court specifically noted "the impressive resume" of Lowey Dannenberg and that "Plaintiffs' counsel has vigorously represented the interests of the class throughout this litigation." On December 30, 2010, the Second Circuit Court of Appeals denied Amaranth's petition for appellate review of the class certification decision.

> - On April 11, 2012, the Court entered a final order and judgment approving the $77.1 million settlement reached in the action. The $77.1 million settlement is **more than ten times greater** than the $7.5 million joint settlement achieved by the Federal Energy Regulatory Commission ("FERC") and the Commodity Futures Trading Commission ("CFTC") against Amaranth Advisors LLC and at that time, represented the **fourth largest** class action recovery in the 85-plus year history of the CEA.

## Pacific Inv. Mgmt. Co. ("PIMCO")

Lowey Dannenberg served as counsel to certified class representative Richard Hershey in a class action alleging manipulation by PIMCO of the multi-billion-dollar market of U.S. 10-Year Treasury Note futures contracts traded on the Chicago Board of Trade ("CBOT"). *Hershey v. Pacific Inv. Management Co. LLC*, 571 F.3d 672 (7th Cir. 2009). The case settled in 2011 for $118.75 million, the **second largest** recovery in the history of the CEA at that time.

## In re Natural Gas

Lowey Dannenberg served as co-lead counsel in *In re Natural Gas Commodity Litigation*, Case No. 03 CV 6186 (VM) (S.D.N.Y.) ("*In re Natural Gas*"), which involved manipulation of the price of natural gas futures contracts traded on the NYMEX by more than 20 large energy companies.

Plaintiffs alleged that Defendants, including El Paso, Duke, Reliant, and AEP Energy Services, Inc., manipulated the prices of NYMEX natural gas futures contracts by making false reports of the price and volume of their trades to publishers of natural gas price indices across the United States, including Platts. Lowey Dannenberg won significant victories throughout the litigation, including:

> defeating Defendants' motions to dismiss (*In re Natural Gas*, 337 F. Supp. 2d498 (S.D.N.Y. 2004));

> prevailing on a motion to enforce subpoenas issued to two publishers of natural gas price indices for the production of trade report data (*In re Natural Gas*, 235 F.R.D. 199 (S.D.N.Y. 2005)); and

> successfully certifying a class of NYMEX natural gas futures traders who were harmed by defendants' manipulation of the price of natural gas futures contracts traded on the NYMEX from January 1, 2000 to December 31, 2002. *In re Natural Gas*, 231 F.R.D. 171, 179 (S.D.N.Y. 2005), *petition for review denied, Cornerstone Propane Partners, LP, et al. v. Reliant Energy Services, Inc., et al.*, Docket No. 05-5732 (2d Cir. August 1, 2006).

The total settlement obtained in this complex litigation—$101 million—was at the time, the **third largest** recovery in the history of the CEA.

### White v. Moore Capital Management, L.P.

Lowey Dannenberg is counsel to a class representative in an action alleging manipulation of NYMEX palladium and platinum futures prices in 2007 and 2008 in violations of the Sherman Antitrust Act, CEA, and RICO. *White v. Moore Capital Management, L.P.*, Case No. 10 CV 3634 (S.D.N.Y.) (Pauley, J.). Judge Pauley granted final approval of a settlement in the amount of $70 million in 2015.

### In re Crude Oil Commodity Futures Litigation

Lowey Dannenberg is counsel to a class representative and large crude oil trader in a Sherman Antitrust Act class action involving the alleged manipulation of NYMEX crude oil futures and options contracts. *In re Crude Oil Commodity Futures Litigation*, Case No. 11-cv-03600 (S.D.N.Y.) (Forrest, J.). The Court granted final approval to a $16.5 million settlement in January 2016.

# Current Prosecution of Antitrust Class Actions

Lowey Dannenberg serves as court appointed lead or co-lead counsel on some of the most important and complex antitrust cases against some of the world's largest financial institutions. The firm has more than 45 attorneys who specialize in prosecuting these cases, including the following representative matters.

### In re GSE Bonds Antitrust Litigation

Lowey Dannenberg serves as Court-appointed co-Lead Counsel in an antitrust class action alleging that several of the worlds largest banks and brokers conspired to fix the prices of debt securities issued by government sponsored entities (e.g., Fannie Mae, Freddie Mac, Federal Farm Credit Banks, and Federal Home Loan Banks) between 2009 and 2016.

### In re Mexican Government Bonds Antitrust Litigation

Lowey Dannenberg serves as Court-appointed sole Lead Counsel in a class action against 10 global financial institutions that allegedly violated the Sherman Act by colluding to fix the prices of debt securities issued by the Mexican Government between 2006 and 2016. Plaintiffs are eight institutional investors that transacted in Mexican government debt, including directly with Defendants. The case is pending before Judge J. Paul Oetken in the Southern District of New York, 18-CV-2830.

### Sullivan, et al. v. Barclays plc, et al. (Euribor)

Lowey Dannenberg is leading the prosecution of international financial institutions responsible for setting the Euro Interbank Offered Rate ("Euribor"), a global reference rate used to benchmark, price and settle over $200 trillion of financial products. Co-Lead Plaintiffs include the California State Teachers' Retirement System (CalSTRS). Lowey Dannenberg has recovered a total of $491.5 million for Euribor-based derivatives investors.

On May 18, 2018, Judge Castel appointed Lowey Dannenberg as Co-Class Counsel to a certified Settlement Class and granted (1) final approval of a $94 million settlement with Barclays plc and related Barclays entities; (2) final approval of a $45 million settlement with Defendants HSBC Holdings plc and HSBC Bank plc; and (3) final approval of a $170 million settlement with Defendants Deutsche Bank AG and DB Group Services (UK) Ltd. *See* Final Approval Order of Settlements with Barclays plc, Barclays Bank plc, Barclays Capital Inc., Deutsche Bank AG and DB Group Services (UK) Ltd., HSBC Holdings plc and HSBC Bank plc, *Sullivan v. Barclays plc*, No. 13-cv-2811 (PKC) (S.D.N.Y.), ECF No. 424.

Additionally, on December 19, 2018, Judge Castel subsequently granted preliminarily approval of a $182.5 million settlement with Citigroup, Inc., Citibank, N.A., J.P. Morgan Chase & Co., and JPMorgan Chase Bank, N.A. *Sullivan v. Barclays plc*, No. 13-cv-2811 (PKC) (S.D.N.Y.), ECF No. 454.

### Laydon v. Mizuho Bank, Ltd., et al.; Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al. (Euroyen TIBOR and Yen-LIBOR)

Lowey Dannenberg is leading the prosecution of international financial institutions responsible for intentional and systematic manipulation of the London Interbank Offered Rate ("LIBOR") for the Japanese Yen and Euroyen TIBOR (the Tokyo Interbank Offered Rate). *Laydon v. Mizuho Bank, Ltd. et al.* 12-cv-03419 (S.D.N.Y.) (Daniels, J.). Co-Lead Plaintiffs include CalSTRS.

A second action, on behalf of over-the-counter investors in Euroyen-based derivatives, is currently on appeal before the United States Court of Appeals, Second Circuit. *Sonterra Capital Master Fund, Ltd., et al. v. UBS AG*, No. 17-944 (2d Cir.).

Lowey Dannenberg has thus far recovered $236 million for the Settlement Class, and received substantial cooperation from settling defendants that it is using in the action against the remaining defendants.

On November 10, 2016, Judge Daniels granted final approval of a $35 million settlement with HSBC Holdings plc and HSBC Bank plc, a $23 million settlement with Citigroup, Inc. and several Citi entities, and a cooperation settlement with R.P. Martin. *See* Final Approval Order of Settlements with R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citibank, N.A., Citigroup Inc., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc and HSBC Bank plc, *Laydon v. Mizuho Bank, Ltd.,* No. 12-cv-3419 (S.D.N.Y. Nov. 10, 2016), ECF No. 720; Final Approval Order of Settlements with R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citibank, N.A., Citigroup Inc., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc and HSBC Bank plc, Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al., No. 15-cv-5844 (S.D.N.Y. Nov. 10, 2016), ECF No. 298.

On December 7, 2017, Judge Daniels also granted final approval of a $77 million settlement with Deutsche Bank AG and DB Group Services (UK) Ltd. and a $71 million settlement with JPMorgan Chase & Co. and related entities. *See* Final Approval Order of Settlements with Deutsche Bank AG and DB Groups Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc. *See Laydon v. Mizuho Bank, Ltd.,* No. 12-cv-3419 (S.D.N.Y. Dec. 7, 2017), ECF No. 838 and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.,* No. 15-cv-5844 (S.D.N.Y. Dec. 7, 2017), ECF No. 389.

Most recently, on July 12, 2018, Judge Daniels granted final approval of a $30 million settlement with the Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation. Final Approval Order of Settlement with Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation, *Laydon v. Mizuho Bank, Ltd.,* No. 12-cv-3419 (S.D.N.Y. Jul. 12, 2018), ECF No. 891; Final Approval Order of Settlement with Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation, *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.,* No. 15-cv-5844 (S.D.N.Y. Jul. 12, 2018), ECF No. 423.

## Sonterra Capital Master Fund Ltd., et al. v. Credit Suisse Group AG, et al. (Swiss Franc LIBOR)

Lowey Dannenberg serves as court-appointed sole lead counsel against the numerous global financial institutions responsible for the setting of the Swiss Franc LIBOR. The case alleges that the institutions conspired to fix the prices of Swiss Franc LIBOR-based derivatives by manipulating Swiss franc LIBOR and agreeing to charge artificially wide bid-ask spreads, in violation of the Sherman Antitrust Act, the CEA, and RICO. The case is pending before the Honorable Sidney H. Stein in the Southern District of New York. *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.,* Case No. 15-cv-871 (S.D.N.Y.). On August 16, 2017, Judge Stein preliminarily approved a $22 million settlement with JPMorgan Chase & Co. and appointed Lowey Dannenberg as Class Counsel to the Settlement Class. *See* Order Preliminarily Approving Class Action Settlement with JPMorgan Chase & Co. and Conditionally Certifying a Settlement Class, *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.,* Case No. 15-cv-871 (SHS) (S.D.N.Y. Aug. 16, 2017), ECF No. 159.

## In re London Silver Fixing Ltd., Antitrust Litig.

Lowey Dannenberg is serving as co-lead counsel on behalf of a class of silver investors, including Commodity Exchange Inc. ("COMEX") silver futures contracts traders, against banks that allegedly colluded to fix the London Silver Fix, a global benchmark that impacts the value of more than $30 billion in silver and silver-based financial instruments. Judge Valerie E. Caproni sustained Sherman Antitrust Act and CEA claims alleged in Lowey Dannenberg's complaint, which relied predominately on sophisticated econometric analysis that Lowey Dannenberg developed in conjunction with a team of leading financial markets experts. *See In re London Silver Fixing Ltd., Antitrust Litig.,* No. 14-md-2573, 2016 WL 5794777 (S.D.N.Y. Oct. 3, 2016). In appointing Lowey Dannenberg, the Court praised Lowey Dannenberg's experience, approach to developing the complaint, attention to detail, and the expert resources that the firm brought to bear on behalf of the class. *See In re London Silver Fixing Ltd., Antitrust Litig.,* Case No. 14-md-2573 (VEC), ECF No. 17 (Nov. 25, 2014 S.D.N.Y.) (Caproni, J.). On November 23, 2016, Judge Caproni granted preliminary approval of a $38 million settlement with

Deutsche Bank AG and several of its subsidiaries. *See* Order Preliminarily Approving Class Action Settlement and Conditionally Certifying a Settlement Class, *In re London Silver Fixing, Ltd., Antitrust Litig.*, No. 14-md-2573 (S.D.N.Y. Nov. 23, 2016), ECF No. 166. The case is ongoing against the remaining defendants.

### FrontPoint Asian Event Driven Fund, Ltd., et al. v. Citibank, N.A., et al. (SIBOR)

Lowey Dannenberg is also litigating a separate Sherman Antitrust Act class action alleging the manipulation of the Singapore Interbank Offered Rate ("SIBOR"), Singapore Offer Rate ("SOR"). Lowey Dannenberg has thus far negotiated settlements with Citi and JPMorgan defendants for approximately $21 million and significant cooperation with the class. *FrontPoint Asian Event Driven Fund, Ltd., et al. v. Citibank, N.A., et al.*, No. 16-cv-5263 (AKH) (S.D.N.Y.), ECF Nos. 314-316. The case is currently pending.

### Sonterra Capital Master Fund Ltd., et al. v. Barclays Bank plc, et al. (Pound Sterling LIBOR)

Lowey Dannenberg is leading the prosecution of the numerous global financial institutions responsible for setting Pound Sterling LIBOR, alleging the manipulation of Sterling LIBOR and the prices of Sterling LIBOR-based derivatives, in violation of the Sherman Antitrust Act, CEA, and RICO. Judge Vernon S. Broderick in the Southern District of New York sustained antitrust and unjust enrichments claims against UBS AG. *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, No. 15-CV-3538 (VSB), 2018 WL 6725387 (S.D.N.Y. Dec. 21, 2018). The case is pending.

### Dennis, et al. v. JPMorgan Chase & Co., et al.

Lowey Dannenberg is co-lead counsel in an antitrust class action against numerous global financial institutions responsible for setting the Australian Bank Bill Swap Reference Rate ("BBSW"), pending before Judge Lewis A. Kaplan in the Southern District of New York. *Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-6496 (LAK) (S.D.N.Y.). Lowey Dannenberg has thus far negotiated a settlement with the JPMorgan defendants for $7 million, while also receiving cooperation to use in prosecuting the action against the remaining defendants. The case alleges that the defendants engaged in uneconomic transactions in Prime Bank Bills, a type of short-term debt instrument, to manipulate BBSW.

### Optiver

Lowey Dannenberg acted as co-lead counsel in a proposed class action alleging that Optiver US, LLC and other Optiver defendants manipulated NYMEX light sweet crude oil, heating oil, and gasoline futures contracts prices in violation of the Sherman Antitrust Act and CEA. *In re Optiver Commodities Litigation*, Case No. 08 CV 6842 (S.D.N.Y.) (LAP), Pretrial Order No. 1, dated February 11, 2009. The Honorable Loretta A. Preska of the Southern District of New York granted final approval of a $16.75 million settlement in June 2015.



# Antitrust and Prescription Overcharge

Lowey Dannenberg is the nation's premier litigation firm for health insurers to recover overcharges for prescription drug and other medical products and services. The firm's skills in this area are recognized by the largest payers for pharmaceuticals in the United States, including Aetna, CIGNA, Humana, and Anthem, Inc. who consistently retain Lowey Dannenberg to assert claims against pharmaceutical manufacturers for misconduct, including monopoly and restraint of trade, resulting in overpriced medication.

In 1998, Lowey Dannenberg filed the first-ever generic delay class action antitrust cases for endpayers (a term reflecting consumers and health insurers). Those cases were centralized by the JPML under the caption *In re Cardizem CD Antitrust Litigation*, MDL No. 1278 (E.D. Mich.).

Lowey Dannenberg served as the lead class counsel for indirect purchaser endpayers in the following generic delay antitrust class action lawsuits:

> *In re Cardizem CD Antitrust Litigation*, MDL No. 1278 (E.D. Mich.). Class certification, 200 F.R.D. 326 (E.D. Mich. 2001), Affirmance of partial summary judgment for plaintiffs, 332 F.3d 896 (6th Cir. 2003), $80 million class settlement.

> *In re Terazosin Hydrochloride Antitrust Litigation*, MDL No. 1317 (S.D. Fla.). Certification of 17-state litigation class, 220 F.R.D. 672 (S.D. Fla. 2004), Approval of 17-state settlement (after submission of final pretrial order, jury interrogatories and *motions in limine*) for $28.7 million, 2005 WL 2451958 (S.D. Fla. July 8, 2005).

> *In re Wellbutrin XL Antitrust Litigation*, Civ. No. 08-2433. Partial settlement for $11.75 million (unreported).

Lowey Dannenberg has prosecuted and won three landmark decisions in favor of third-party payer health insurers in prescription drug cases:

> *In re Avandia Marketing Sales Practices and Products Liability Litigation*, 685 F.3d 353 (3d Cir. 2012), *cert. denied, sub nom. GlaxoSmithKline v. Humana Med. Plans, Inc.*, 81 U.S.L.W. 3579 (Apr. 15, 2013) (establishing reimbursement recovery rights for Medicare Advantage Organization under the Medicare Secondary Payer Act).

> *Desiano v. Warner-Lambert*, 326 F.3d 339 (2d Cir. 2003) (establishing the direct (non- subrogation) rights of commercial health insurers to recover overcharges from drug companies for drugs prescribed to their customers). The case was subsequently settled for a confidential amount for 35 health insurers.

> *In re Neurontin Mktg. & Sales Practices Litigation*, 712 F.3d 51 (1st Cir. 2013) (holding drug manufacturers accountable to health insurers for RICO claims attributable to marketing fraud).

Lowey Dannenberg has defended and won dismissals for health insurers in the following class actions: *Roche v. Aetna, Inc.*, 165 F. Supp. 3d 180 (D.N.J. 2016), *aff'd*, 2017 WL 942649 (3d Cir. Mar. 9, 2017); *Wurtz v. Rawlings Co., LLC*, No. 12-cv-1182 (JMA), 2016 WL 7174674 (E.D.N.Y. Nov. 17, 2016); *Mattson v. Aetna Life Ins. Co.*, 124 F. Supp. 3d 381 (D.N.J. 2015); *Meek-Horton v. Trover Solutions*, 910 F. Supp. 2d 690 (S.D.N.Y. 2013); *Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185 (S.D.N.Y. 2012); *Kesselman v. The Rawlings Company, LLC*, 668 F. Supp. 2d 604 (S.D.N.Y. 2009); *Elliot Plaza Pharmacy v. Aetna U.S. Healthcare*, No. 06-cv-623, 2009 WL 702837 (N.D. Okla. Mar. 16, 2009); *Main Drug, Inc. v. Aetna U.S. Healthcare*, 475 F.3d 1228 (11th Cir. 2007), *aff'g, Main Drug, Inc. v. Aetna U.S. Healthcare*, 455 F. Supp. 2d 1323 (M.D. Ala. 2006) and 455 F. Supp. 2d 1317 (M.D. Ala. 2005); and *Medfusion Rx, LLC v. Humana Health Plan, Inc.*, Case No. CV-08-PWG-0451-S (N.D. Ala.) (2008). We are also currently defending a class action lawsuit in *Minerley v. Aetna, Inc., et al.*, Civ. 13- 1377 (NLH) (D.N.J.).

In 2013, America's Health Insurance Plans, a national association representing the health insurance industry, hired Lowey Dannenberg to represent it before the United States Supreme Court as *amicus curiae* in *FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013), concerning how "pay-for-delay" agreements between brand name drug companies and generic companies should be evaluated under federal antitrust law. The Firm also successfully secured the first reported precedent under New York's Donnelly (Antitrust) Act in federal court in the wake of the Supreme Court's *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010) decision, reinvigorating class certification. *See In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 677-80 (E.D. Pa. 2010).

Lowey Dannenberg recently achieved substantial settlements on behalf of its clients in the following cases:

> *Humana Inc. v. Boehringer Ingelheim Pharma GmbH & Co. KG, et al.*, No. 3:14-cv-00572 (SRU) (D. Conn.). Lowey Dannenberg represented Humana Inc. in a generic delay antitrust case against defendant Boehringer Ingelheim Pharmaceuticals, Inc., the Aggrenox brand manufacturer, and generic manufacturer Barr Pharmaceuticals Inc. (later acquired by Teva Pharmaceuticals), before Judge Underhill in the District of Connecticut. Class actions on behalf of direct purchasers reached a $146 million settlement and indirect purchasers reached a $54 million settlement. Lowey achieved a confidential settlement on behalf of Humana. *In re Aggrenox Antitrust Litigation*, MDL No. 2516 (SRU) (D. Conn.). The litigation asserted claims under state antitrust law, claiming a $100 million co-promotion agreement was a disguised pay-for-delay, and as a result, Humana overpaid for Aggrenox.

> *Government Employees Health Association v. Endo Pharmaceuticals, Inc., et al.*, No. 3:14-cv-02180-WHO (N.D. Cal.). Lowey Dannenberg represented Government Employees Health Association ("GEHA") in a generic delay antitrust case concerning Lidoderm, the brand name for a prescription pain patch for the treatment of after-shingles pain, sold by Endo Pharmaceuticals, Inc., Teikoku Pharma USA, and Teikoku Seiyaku Co., Ltd. The defendants paid a combined $270 million to settle class claims and Lowey negotiated a substantial confidential settlement on behalf of GEHA. *In re Lidoderm Antitrust Litigation*, MDL No. 2521 (N.D. Cal.).



# Consumer Protection

Lowey Dannenberg has served as lead or co-lead counsel in many challenging consumer protection cases. The firm has recovered millions of dollars on behalf of consumers injured as a result of unfair business practices. The firm's Consumer Protection Group has experience litigating class actions under state and federal consumer protection law and before state and federal courts.

### In re Apple Processor Litigation

Lowey Dannenberg currently serves as Court-appointed interim co-lead counsel in *In re Apple Processor Litigation*, No. 5:18-cv-0147 (EJD) (N.D. Cal.), a proposed class action against Apple alleging that Plaintiffs and the class were harmed by defects in the central processing units (CPUs) that Apple designed and placed in millions of its devices. These defects caused the devices purchased by Plaintiffs and the class to contain security vulnerabilities known as "Meltdown" and "Spectre." The case is currently pending.

### In re FedLoan Student Loan Servicing Litigation

Attorneys from Lowey Dannenberg serve as co-lead counsel. Judge C. Darnell Jones, II appointed Lowey Dannenberg attorneys as Co-Lead Counsel and Executive Committee members in *In re FedLoan Student Loan Servicing Litigation*, No. 18-MD-2833 (E.D. Pa.) ("*FedLoan*"). Lowey Dannenberg filed the first action in the *FedLoan* litigation alleging that one of the nation's largest student loan servicers, the Pennsylvania Higher Education Assistance Agency, failed to properly service student loans in order to maximize the fees it received from the Department of Education under its loan servicing contract. The alleged scheme harmed student loan borrowers by causing them to accrue additional interest on their loans, improperly extending their repayment terms, and erroneously placing their loans into forbearance. The litigation is ongoing.

### Broder v. MBNA Corp.

Lowey Dannenberg served as Lead Counsel in *Broder v. MBNA Corp.*, No. 605153/98 (Sup. Ct., N.Y. County), and recovered $22.8 million dollars on behalf of a class of holders of credit cards issued by MBNA Bank, who took cash advances in response to a deceptive MBNA promotion. The Court noted that Lowey Dannenberg is an "able law firm having long-standing experience in commercial class action litigation."

### In Re Archstone Westbury Tenant Litigation

As lead counsel, Lowey Dannenberg successfully represented a class of renters of mold- infested apartments in a $6.3 million settlement of a complex landlord-tenant class action in *In Re Archstone Westbury Tenant Litigation*, Index No. 21135/07 (N.Y. Sup. Ct. Nassau County).

### Lyons v. Litton Loan Servicing LP

In *Lyons v. Litton Loan Servicing LP, et al.*, No. 13-cv-00513 (S.D.N.Y.), Lowey Dannenberg served as Class Counsel and recovered $4.1 million on behalf of a class of homeowners alleging that mortgage servicers colluded to force them to buy unnecessary lender-placed insurance.

### In re Warfarin Sodium Antitrust Litigation

In *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3rd Cir. 2004), the Third Circuit Court of Appeals affirmed the United States District Court for the District of Delaware's approval of a $44.5 million class action settlement paid by DuPont Pharmaceuticals to consumers and third-party payers nationwide to settle claims of unfair marketing practices in connection with the prescription blood thinner, Coumadin. Lowey Dannenberg, appointed by the District Court to the Plaintiffs' executive committee as the representative of third-party payers, successfully argued the appeal.

### Snyder v. Nationwide Insurance Company

In *Snyder v. Nationwide Insurance Company*, Index No. 97/0633 (Sup. Ct. Onondaga Co. December 17, 1998), Lowey Dannenberg, as co-lead counsel, secured a $100 million dollar settlement for consumers purchasing "vanishing premium" life insurance policies. In approving the settlement, the Court found that the attorneys of Lowey Dannenberg are "great attorneys" who did a "very, very good job" for the class.



# Securities Litigation

Lowey Dannenberg has represented clients in cases involving financial fraud, auction rate securities, options backdating, Ponzi schemes, challenges to unfair mergers and tender offers, statutory appraisal proceedings, proxy contests and election irregularities, failed corporate governance, stockholder agreement disputes, and customer/brokerage firm arbitration proceedings.

Its securities litigation practice group has recovered billions of dollars in the aggregate on behalf of defrauded investors. But the value of Lowey's accomplishments is measured by more than dollars. The firm has also achieved landmark, long term corporate governance changes at public companies, including reversing results of elections and returning corporate control to the companies' rightful owners, its stockholders.

Lowey Dannenberg's public pension fund clients include the California State Teachers' Retirement System (CalSTRS), New York City Pension Funds, the New York State Common Retirement Fund, the Maryland Employees' Retirement System, and the Ohio Public Employees' Retirement Plan. Representative institutional investor clients include Federated Investors, Inc., Glickenhaus & Co., Millennium Partners LLP, Karpus Investment Management LLP, Amegy Bank, Monster Worldwide Inc., Zebra Technologies, Inc., and Delcath Systems, Inc.

## Notable Recoveries

Notable achievements for our securities clients include the following:

> *In re Beacon Associates Litigation*, 09-CV-0777 (S.D.N.Y.); *In re J.P. Jeanneret Associates, Inc., et al.*, 09-cv-3907 (S.D.N.Y.). Lowey Dannenberg represented several unions, which served as Lead Plaintiffs, in litigation arising from Bernie Madoff's Ponzi scheme. On March 15, 2013, the Honorable Colleen McMahon of the United States District Court for the Southern District of New York granted final approval of the $219.9 million settlement of Madoff feeder-fund litigation encompassing the *In re Beacon* and *In re Jeanneret* class actions. Lowey Dannenberg, as Liaison Counsel,

was instrumental in achieving this outstanding result. The settlement covered several additional lawsuits in federal and New York state courts against the settling defendants, including suits brought by the United States Secretary of Labor and the New York Attorney General. Plaintiffs in these cases asserted claims under the federal securities laws, ERISA, and state laws arising out of hundreds of millions of dollars of losses sustained by unions and other investors in Bernard Madoff feeder funds. The settlement recovered an extraordinary 70% of investors' losses. This settlement, combined with anticipated recovery from a separate liquidation of Madoff assets, is expected to restore the bulk of losses to the pension funds for the local unions and other class members. In granting final approval, Judge McMahon praised both the result and the lawyering in these coordinated actions, noting that "[i]n the history of the world there has never been such a response to a notice of a class action settlement that I am aware of, certainly, not in my experience," and that "[t]he settlement process really was quite extraordinary." In her written opinion, Judge McMahon stated that "[t]he quality of representation is not questioned here, especially for those attorneys (principally from Lowey Dannenberg) who worked so hard to achieve this creative and, in my experience, unprecedented global settlement." *In re Beacon Associates Litig.*, 09 CIV. 777 CM, 2013 WL 2450960, at *14 (S.D.N.Y. May 9, 2013).

> *In re Juniper Networks, Inc. Sec. Litig.*, No. C-06-04327 JW (N.D. Cal.). In 2010, as lead counsel for the Lead Plaintiff, the New York City Pension Funds, Lowey Dannenberg achieved a settlement in the amount of $169.5 million, one of the largest settlements in an options backdating case, after more than three years of hard-fought litigation.

> *In re ACS Shareholder Litigation*, Consolidated C.A. No. 4940-VCP (Del. Ch.). Lowey Dannenberg successfully challenged a multi-billion-dollar merger between Xerox Corp. and Affiliated Computer Systems ("ACS"), which favored Affiliated's CEO at the expense of our client, Federated Investors, and other ACS shareholders. In expedited proceedings, Lowey achieved a $69 million settlement as well as structural protections in the shareholder vote on the merger. The settlement was approved in 2010.

> *In re Bayer AG Securities Litigation*, 03 Civ. 1546 (WHP) (S.D.N.Y.). We represented the New York State Common Retirement Fund as Lead Plaintiff in a securities fraud class action arising from Bayer's marketing and recall of its Baycol drug. Lowey Dannenberg was appointed as lead counsel for the New York State Common Retirement Fund at the inception of merits discovery, following the dismissal of the New York State Common Retirement Fund's former counsel. The class action settled for $18.5 million in 2008.

> *In re WorldCom Securities Litigation*, Master File No. 02 Civ. 3288 (DLC) (S.D.N.Y.). Lowey Dannenberg's innovative strategy and zealous prosecution produced an extraordinary recovery in the fall of 2005 for the New York City Pension Funds in the *WorldCom Securities Litigation*, substantially superior to that of any other WorldCom investor in either class or opt-out litigation. Following our advice to opt out of a class action in order to litigate their claims separately, the New York City Pension Funds recovered almost $79 million, including 100% of their damages resulting from investments in WorldCom bonds.

> *Federated American Leaders Fund, Inc.*, No. 08-cv-01337-PB (D.N.H.). In 2008, Lowey Dannenberg successfully litigated an opt-out case on behalf of client Federated Investors, Inc., arising out of the *Tyco Securities Litigation*. The client asserted claims unavailable to the class (including a claim for violation of § 18 of the Securities Exchange Act of 1934 and a claim for violations of the New Jersey RICO statute). Pursuit of an opt-out strategy resulted in a recovery of substantially more than the client would have received had it merely remained passive and participated in the class action settlement.

> *In re Philip Services Corp., Securities Litigation*, No. 98 Civ. 835 (AKH) (S.D.N.Y.). On March 19, 2007, the United States District Court for the Southern District of New York approved a $79.75 million settlement of a class action, in which Lowey Dannenberg acted as Co-Lead Counsel, on behalf of United States investors of Philip Services Corp., a bankrupt Canadian resource recovery company. $50.5 million of the settlement was paid by the Canadian accounting firm of Deloitte & Touche, LLP, perhaps the largest recovery from a Canadian auditing firm in a securities class action, and among the largest obtained from any accounting firm. Earlier in the litigation, the United States Court of Appeals for the Second Circuit issued a landmark decision protecting the rights of United States citizens to sue foreign companies who fraudulently sell their securities in the United States. *DiRienzo v. Philip Services Corp.*, 294 F.3d 21 (2d Cir. 2002).

> *In re New York Stock Exchange/Archipelago Merger Litigation*, No. 601646/05 (N.Y. Sup. Ct.). Lowey Dannenberg acted as co-lead counsel for a class of seatholders seeking to enjoin the merger between the New York Stock Exchange ("NYSE") and Archipelago Holdings, Inc. As a result of the action, the merger terms were revised, providing the seatholders with more than $250 million in additional consideration. Further, the NYSE agreed to retain an independent financial adviser to report to the court as to the fairness of the deal to the NYSE seatholders. Plaintiffs also provided the court with their expert's analysis of the new independent financial adviser's report so that seatholders could assess both reports prior to the merger vote. The court noted that "these competing presentations provide a fair and balanced view of the proposed merger and present the NYSE Seatholders with an opportunity to exercise their own business judgment with eyes wide open. The presentation of such differing viewpoints ensures transparency and complete disclosure." *In re New York Stock Exchange/ Archipelago Merger Litigation*, No. 601646/05, 2005 WL 4279476, at *14 (N.Y. Sup. Ct. Dec. 5, 2005).

> *Delcath Systems, Inc. v. Ladd, et al.*, No. 06 Civ. 6420 (S.D.N.Y.). On September 25, 2006, Lowey Dannenberg helped Laddcap Value Partners win an emergency appeal, reversing a federal district court's order disqualifying the votes Laddcap solicited to replace the board of directors of Delcath Systems, Inc. Prior to Lowey Dannenberg's involvement in the case, on September 20, 2006, the district court enjoined Laddcap, Delcath's largest stockholder, from submitting stockholder consents on the grounds of alleged and unproven violations of federal securities law. After losing an injunction proceeding in the district court on September 20, 2006, and with the election scheduled to close on September 25, 2006, Laddcap hired Lowey Dannenberg to prosecute an emergency appeal, which Lowey won on September 25, 2006, the last day of the election period. *Delcath Systems, Inc. v. Ladd*, 466 F.3d 257 (2d Cir. 2006). Shortly thereafter, the case settled with Laddcap gaining seats on the board, reimbursement of expenses, and other benefits.

> *Salomon Brothers Municipal Partners Fund, Inc. v. Thornton*, No. 05-cv-10763 (S.D.N.Y.). Lowey Dannenberg represented Karpus Investment Management in its successful proxy contest and subsequent litigation to prevent the transfer of management by Citigroup to Legg Mason of the Salomon Brothers Municipal Partners Fund. We defeated the Fund's preliminary injunction action which sought to compel Karpus to vote shares it had solicited by proxy but withheld from voting in order to defeat a quorum and prevent approval of the transfer. *Salomon Brothers Mun. Partners Fund, Inc. v. Thornton*, 410 F. Supp. 2d 330 (S.D.N.Y. 2006).

> *In re DaimlerChrysler AG Sec. Litigation*, Master Docket No. 00-993-JJF (D. Del.). Lowey Dannenberg represented Glickenhaus & Co., a major registered investment advisor and, at the time, the second largest stockholder of Chrysler, in an individual securities lawsuit against DaimlerChrysler AG. Successful implementation of the firm's opt-out strategy led to a recovery for its clients far in excess of that received by other class members. *See Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42 (D. Del. 2002); *In re DaimlerChrysler AG Sec. Litig.*, 269 F. Supp. 2d 508 (D. Del. 2003).

> *Doft & Co. v. Travelocity.com, Inc.*, No. Civ. A. 19734 (Del. Ch.). Following a three-day bench trial in a statutory appraisal proceeding, the Delaware Chancery Court awarded the firm's clients, an institutional investor and investment advisor, $30.43 per share plus compounded prejudgment interest, for a transaction in which the public shareholders who did not seek appraisal were cashed out at $28 per share. *Doft & Co. v. Travelocity.com, Inc.*, No. Civ. A. 19734, 2004 WL 1152338 (Del. Ch. May 20, 2004), *modified*, 2004 WL 1366994 (Del. Ch. June 10, 2004).

> *MMI Investments, LP v. NDCHealth Corp., et al.*, 05 Civ. 4566 (S.D.N.Y.). Lowey Dannenberg filed an individual action on behalf of hedge fund, MMI Investments, asserting claims for violations of the federal securities laws and the common law, including claims not available to the class, most notably a claim for violation of § 18 of the Securities Exchange Act of 1934 and a claim for common law fraud. After zealously litigating the client's claims, the Firm obtained a substantial settlement, notwithstanding the fact that the class claims were dismissed.

> *Omnicare, Inc. v. NCS Healthcare, Inc.* Lowey Dannenberg, as Co-Lead Counsel on behalf of an institutional investor, obtained an injunction from the Delaware Supreme Court, enjoining a proposed merger between NCS Healthcare, Inc. and Genesis Health Ventures, Inc., in response to Lowey Dannenberg's argument that the NCS board breached its fiduciary obligations by agreeing to irrevocable merger lock-up provisions. As a result of the injunction, the NCS shareholders were able to benefit from a competing takeover proposal by Omnicare, Inc., a 300% increase from the enjoined transaction, providing NCS's shareholders with an additional $99 million. *Omnicare, Inc. v. NCS Healthcare, Inc.*, 818 A.2d 914 (Del. 2003).

> *meVC Draper Fisher Jurvetson Fund 1, Inc. v. Millennium Partners.* Lowey Dannenberg successfully represented an affiliate of Millennium Partners, a major private investment fund, in litigation in the Delaware Chancery Court over a board election. Lowey's efforts resulted in the voiding of two elections of directors of meVC Draper Fisher Jurvetson Fund 1, Inc., a NYSE-listed closed end mutual fund, on grounds of breach of fiduciary duty. In a subsequent proxy contest litigation in the United States District Court for the Southern District of New York, the entire board of directors was ultimately replaced with Millennium's slate. *meVC Draper Fisher Jurvetson Fund 1, Inc. v. Millennium Partners,* 260 F. Supp. 2d 616 (S.D.N.Y. 2003); *Millenco L.P. v. meVC Draper Fisher Jurvetson Fund 1, Inc.,* 824 A.2d 11 (Del. Ch. 2002).

> *In re CINAR Securities Litigation,* Master File No. 00 CV 1086 (E.D.N.Y. Dec. 2, 2002). Lowey Dannenberg acted as Lead Counsel, obtaining a $27.25 million settlement on behalf of client the Federated Kaufmann Fund and a class of purchasers of securities of CINAR Corporation. The court found that "the quality of [Lowey Dannenberg's] representation has been excellent."

> *In re Reliance Securities Litigation,* MDL No. 1304 (D. Del. 2002). In proceedings in which Lowey Dannenberg acted as co-counsel to a Bankruptcy Court-appointed estate representative, the firm obtained recoveries in a fraudulent conveyance action totaling $106 million.



# Lowey Dannenberg's Recognized Expertise

Courts have repeatedly recognized the attorneys of Lowey Dannenberg as expert practitioners in the field of complex litigation.

For example, on March 15, 2013, the Honorable Colleen McMahon of the United States District Court for the Southern District of New York granted final approval of the $219 million settlement of Madoff feeder-fund litigation encompassing the In re Beacon and In re Jeanneret class actions. In a subsequent written decision, with glowing praise, Judge McMahon stated:

> "The quality of representation is not questioned here, especially for those attorneys (principally from Lowey Dannenberg) who worked so hard to achieve this creative and, in my experience, unprecedented global settlement."

> "I thank everyone for the amazing work that you did in resolving these matters. **Your clients—all of them— have been well served.**"

> "Not a single voice has been raised in opposition to this remarkable settlement, or to the Plan of Allocation that was negotiated by and between the Private Plaintiffs, the NYAG and the DOL."

> "All formal negotiations were conducted with the assistance of two independent mediators - one to mediate disputes between defendants and the investors and another to mediate claims involving the Bankruptcy Estate. Class Representatives and other plaintiffs were present, in person or by telephone, during the negotiations. The US Department of Labor and the New York State Attorney General participated in the settlement negotiations. **Rarely has there been a more transparent settlement negotiation. It could serve as a prototype for the resolution of securities-related class actions, especially those that are adjunctive to bankruptcies.**"

> "The proof of the pudding is that an astonishing 98.72% of the Rule 23(b)(3) Class Members who were eligible to file a proof of claim did so (464 out of 470), and only one Class Member opted out [that Class Member was not entitled to recover anything under the Plan of Allocation]. I have never seen this level of response to a class action Notice of Settlement, and I do not expect to see anything like it again."

> "I am not aware of any other Madoff-related case in which counsel have found a way to resolve all private and regulatory claims simultaneously and with the concurrence of the SIPC/Bankruptcy Trustee. Indeed, I am advised by Private Plaintiffs' Counsel that the Madoff Trustee is challenging settlements reached by the NYAG in other feeder fund cases [Merkin, Fairfield Greenwich] which makes the achievement here **all the more impressive.**"

In *Juniper Networks, Inc. Securities Litigation*, the court, in approving the settlement, acknowledged that "[t]he successful prosecution of the complex claims in this case required the participation of highly skilled and specialized attorneys." *In re Juniper Networks, Inc.*, C06-04327, Order dated August 31, 2010 (N.D. Cal.). In the *WorldCom Securities Litigation*, the court repeatedly praised the contributions and efforts of the firm. On November 10, 2004, the court found that "the Lowey Firm . . . has worked tirelessly to promote harmony and efficiency in this sprawling litigation .

. . . [Lowey Dannenberg] has done a superb job in its role as Liaison Counsel, conducting itself with professionalism and efficiency . . . ." *In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288, 2004 WL 2549682, at *3 (S.D.N.Y. Nov. 10, 2004).

In the *In re Bayer AG Securities Litigation*, 03 Civ. 1546, 2008 WL 5336691, at *5 (S.D.N.Y. Dec. 15, 2008) order approving a settlement of $18.5 million for the class of plaintiffs, Judge William H. Pauley III noted that the attorneys from Lowey Dannenberg are "nationally recognized complex class action litigators, particularly in the fields of securities and shareholder representation," that "provided high-quality representation."

In the *In re Luminent Mortgage Capital, Inc., Securities Litigation*, No. C07-4073 (N.D. Cal.) hearing for final approval of settlement and award of attorneys' fees, Judge Phyllis J. Hamilton noted that "[t]he $8 million settlement . . . is excellent, in light of the circumstance." Judge Hamilton went on to say that "most importantly, the reaction of the class has been exceptional with only two opt- outs and no objections at all received." *See* Tr. of Hearing on Plaintiff's Motion for Final Approval of Settlement/Plan of Allocation and for an Award of Attorneys' Fees and Reimbursement of Expenses, *In re Luminent Mortgage Capital, Inc., Securities Litigation*, No. C07-4073-PJH (N.D. Cal. Apr. 29, 2009), ECF No. 183.







www.lowey.com

info@lowey.com

**New York**
44 South Broadway
Suite 1100
White Plains, NY 10601
(914) 997-0500

**Pennsylvania**
One Tower Bridge, 100 Front St.
Suite 520
West Conshohocken, PA 19428
(215) 399-4770