UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEP 1 3 2019

| | |
|---|---|
| GAMMA TRADERS – I LLC and VEGA TRADERS, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, MORGAN STANLEY & CO. LLC, EDWARD BASES, JOHN PACILIO, and JOHN DOE Nos. 1 – 5,<br><br>Defendants. | Case No. 19-cv-6002 (AJN) |
| ROBERT CHARLES CLASS A., L.P. and ROBERT L. TEEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, EDWARD BASES, JOHN PACILIO, and JOHN DOES NOS. 1-10,<br><br>Defendants. | Case No. 19-cv-6172 (AJN) |
| YURI ALISHAEV, ABRAHAM JEREMIAS, and MORRIS JEREMIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>MERRILL LYNCH COMMODITIES, INC., BANK OF AMERICA CORPORATION, MORGAN STANLEY & CO. LLC, EDWARD BASES, JOHN PACILIO, and JOHN DOES 1 – 18,<br><br>Defendants. | Case No. 19-cv-6488 (AJN) |

## ~~[PROPOSED]~~ ORDER APPOINTING LOWEY DANNENBERG, P.C. AND SCOTT+SCOTT ATTORNEYS AT LAW LLP AS INTERIM CO-LEAD CLASS COUNSEL AND CONSOLIDATING RELATED ACTIONS

**WHEREAS**, the Court has considered Plaintiffs' motion that the Court (1) exercise its authority pursuant to Federal Rule of Civil Procedure 42(a) and consolidate the Related Actions[1] and (2) appoint Lowey Dannenberg, P.C. ("Lowey") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") (collectively "Lowey/Scott") as interim lead class counsel for the consolidated action under Federal Rule of Civil Procedure 23(g);

**IT IS HEREBY THEREFORE ORDERED** that:

### Consolidation of Related Actions

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Related Actions are hereby consolidated for all purposes into one action. These actions shall be referred to herein as the "Consolidated Action."

### Appointment of Interim Lead Class Counsel

2. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates **LOWEY DANNENBERG, P.C. AND SCOTT+SCOTT ATTORNEYS AT LAW LLP** as interim co-lead class counsel on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action ("Co-Lead Counsel").

3. *Duties and Powers of Co-Lead Counsel.* Co-Lead Counsel shall have the following powers:

   a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

   b. To initiate, conduct and defend discovery proceedings;

   c. To act as spokesperson at pretrial conferences;

---

[1] The "Related Actions" are: *Gamma Traders – I LLC, et al. v. Merrill Lynch Commodities, Inc., et al.*, 19-cv-6002 (S.D.N.Y.) ("*Gamma*"); *Robert Charles Class A., L.P., et al. v. Merrill Lynch Commodities, Inc., et al.*, 19-cv-6172 (S.D.N.Y.) ("*Robert Charles*"); and *Yuri Alishaev et al. v. Merrill Lynch Commodities, Inc. et al.*, 19-cv-6488 (S.D.N.Y.) ("*Alishaev*").

  d. To negotiate with defense counsel with respect to settlement and other matters;

  e. To call meetings of counsel for Plaintiffs in this action;

  f. To act as the recordkeeper of time records, expenses and other data;

  g. To make all work assignments to Plaintiff(s)' Counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

  h. To conduct trial and post-trial proceedings;

  i. To consult with and employ experts;

  j. To request that the Court approve settlements, if any, and fee awards;

  k. To allocate fees;

  l. To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and

  m. To coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph or its subparts.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel and no Plaintiff(s)' counsel shall be authorized to perform any work in the case without the express authorization of Co-Lead Counsel.

5. Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

### Master Docket and Master File

6. A Master Docket and Master File are hereby established for the Consolidated Action. The Master File number shall be 19-cv-6002 (AJN). A Master Docket will be maintained for the Related Actions with all entries to be docketed under the Master File number.

### Caption for the Consolidated Action

7. The Consolidated Action shall be referred to as: *In re Merrill, BofA, and Morgan Stanley Spoofing Litigation*, and every pleading or other paper filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MERRILL, BOFA, AND MORGAN STANLEY SPOOFING LITIGATION | Master Docket No. 19-cv-6002 (AJN)<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO: | |

8. All papers previously filed and served to date in the Related Actions are deemed part of the record in 19-cv-6002 (AJN).

### Application of this Order to Prior and Subsequent Related Actions

9. This Order shall apply to each action arising out of the same or substantially the same transactions or events, including any such action filed prior to entry of this Order. If a case which relates to the subject matter of the Consolidated Action is or has been filed in this Court or transferred here from another court (a "Subsequent Action") the Court will direct the Clerk to:

   a. File a copy of this Order in the separate file for the Subsequent Action;

   b. Consolidate the Subsequent Action with this Consolidated Action by transferring the cases to the docket for this action, *In re Merrill, BofA, and Morgan Stanley Spoofing Litigation*, 18-cv-10356 19-cv-6002 (AJN).

   c. Close the docket for the Subsequent Action.

10. Nothing herein shall limit the requirements on any plaintiff and their counsel set forth in Rule 23 of the Federal Rules of Civil Procedure or shall pertain to whether this action

3

should be certified as a class action, whether any plaintiff is an adequate representative of any class that may be certified, or whether a plaintiff's counsel is adequate counsel for any such class.

11. Nothing herein shall limit Defendants' right to oppose the certification of any class or the final appointment of any class representative or class counsel.

12. The terms of this Order shall not prejudice or constitute a waiver by any party of any claims in or defenses to this action.

**SO ORDERED.**

DATED:

_September 13, 2019_
New York, NY

_____
HON. ALISON J. NATHAN
United States District Judge

4